On respondents' petition for reconsideration filed January 23, reconsideration allowed and opinion (104 Or App 683, 803 P2d 750) adhered to March 6, petition for review denied May 5, 1991 (311 Or 349)

Fritz and Joann VON LUBKEN,
Von Lubken Orchards, Inc.
and Hood River Valley Residents Committee, Inc.,
*Petitioners,*

*v.*

HOOD RIVER COUNTY
and Brookside, Inc.,
*Respondents.*

(LUBA 90-031; CA A66473)

806 P2d 727

Sally A. Tebbet, B. Gilliland Sharp and Jaques & Sharp, Hood River, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Respondents Hood River County and Brookside, Inc., petition for Supreme Court review of our opinion. 104 Or App 683, 803 P2d 750 (1990). We treat the petition as one for reconsideration, ORAP 9.15, and allow it only to address respondents' argument that our opinion is inconsistent with *J. R. Golf Services, Inc. v. Linn County,* 62 Or App 360, 661 P2d 91 (1983).

We concluded in *Golf Services* that section 21.450 of Linn County's zoning ordinance, which contained restrictions on nonfarm "uses" in exclusive farm use zones, was inapplicable to golf courses that were conditionally permissible in the zones under section 6.040 of the ordinance. We declined to construe the word "uses" in section 21.450 as including golf courses, because:

> "Section 6.040(14) expressly declares that a golf course is a conditional use in an EFU zone. That section would be a nullity if, as petitioners claim, Section 21.450 prohibits *any* non-farm use from taking agricultural land. It is unlikely that the drafters of Section 6.040 intended that the provision for a golf course as a conditional use in an EFU zone be an empty gesture." 62 Or App at 364. (Emphasis in original.)

Respondents argue that the issue in this case is identical to the one in *Golf Services,* and that we approached and decided the issue in opposite ways in the two cases.

■ We do not agree that *Golf Services* is controlling or even very similar to this case. The Linn County provision that we construed there contained five paragraphs of restrictions on nonfarm uses in agricultural zones. As we interpreted the provision, it virtually forbade nonfarm uses, including those that other provisions of the ordinance purported to allow. Conversely, in this case, the county's standard D(9) imposes the single limitation that nonfarm development "not occur on lands capable of sustaining accepted farming practices." That standard does not make a nullity of standard D(7), which allows golf courses as conditional uses in EFU zones, or of any other provision authorizing nonfarm uses. As we explained in our opinion:

> "Standard D(7) does not state, or even suggest, that a golf course may be developed on all or any particular locations in the zone. Standard D(9) describes the type of land in the zone

where a golf course may *not* be located, and the two standards can be read with perfect consistency to mean that a golf course may be developed only on land of lesser agricultural quality in the zone." 104 Or App at 688. (Emphasis in original; footnote omitted.)

Respondents understand *J. R. Golf Services, Inc. v. Linn County, supra,* to mean that, if a county's legislation authorizes golf courses in EFU zones, no effect can be given to other provisions in its legislation that place conditions or limitations on the development or location of golf courses within the zones. That is a misunderstanding. *Golf Services* says that restrictive provisions which, on their face, would effectively prohibit uses that other provisions authorize were presumptively not intended to apply to those uses. It does not say that a county cannot enact two consistent provisions that relate to the same subject or, if it has done so, that the county or we are free to disregard one of the provisions when the county comes to view it as inconvenient. As we suggested in our original opinion, 104 Or App at 688, an amendment to the legislation may be the path to the county's goal, but the interpretation of the existing legislation is not.

Reconsideration allowed; opinion adhered to.