Argued and submitted August 29, affirmed October 9, 1991

Robert W. GREUNER,
*Respondent,*

*v.*

LANE COUNTY,
*Respondent below,*
*and*

James PETERSON, Jr.,
*Petitioner.*

(LUBA 91-022; CA A70627)

818 P2d 959

James N. Welty, Eugene, argued the cause for petitioner. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Douglas N. DuPriest, Eugene, argued the cause for respondent. With him on the brief was Hutchinson, Anderson, Cox, Parrish & Coons, P.C., Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of LUBA's reversal of Lane County's special use permit that would have allowed petitioner to operate a facility in an exclusive farm use (EFU) zone to train dogs to be "companions and protectors, such as those needed by joggers." LUBA concluded that the proposed facility was not permissible under either section 16.212(4)(1) of the county code or ORS 215.213(2)(L). We agree with LUBA that the facility does not qualify under the county provision and, therefore, it is unnecessary for us to reach the statutory issue. *See Von Lubken v. Hood River County,* 104 Or App 683, 687, 803 P2d 750 (1990), *on recons* 106 Or App 226, 806 P2d 727, *rev den* 311 Or 349 (1991).

■    The county approved the facility as a commercial kennel, authorized by section 16.212(4)(1). That section permits "Kennel; Commercial or Kennel; Commercial Breeding" in the zone. The relevant definitions in section 16.090 are:

"Kennel; Commercial. A place of business where dogs are boarded. No more than two (2) of the dogs shall be used for breeding purposes. The term is not intended to include an animal hospital or non-commercial kennel.

"Kennel; Commercial Breeding. A place of business for the breeding and/or selling of dogs. The term is not intended to include an animal hospital or non-commercial kennel."

LUBA concluded that an intensive canine training facility falls outside the unambiguous language of those provisions. It acknowledged that some incidental training might be a permissible adjunct of breeding, boarding or selling dogs; however, the county regulations do not allow what is primarily a dog training business, to which boarding is only incidental, in the EFU zone, as distinct from training that is only incidental to the uses that the regulations specify. We agree with LUBA that that is what sections 16.212(4)(1) and 16.090 plainly mean.

■    We also reject petitioner's suggestion that the distinction drawn by LUBA is thin or is one without a difference. The overriding objective of state and local provisions that pertain to non-agricultural uses on agricultural land is to minimize the intensity of the former and to maximize the

usability of the latter for farming activity. *See McCaw Communications, Inc. v. Marion County,* 96 Or App 552, 773 P2d 779 (1989). Section 16.212(1) of the county code, providing that "[i]t is the county's policy to protect * * * agricultural operations from conflicting land uses," reflects that objective. The lines between permissible and impermissible uses must be drawn somewhere. It is for the state and local legislative bodies to draw them, and the local body has drawn the line here clearly and unambiguously. Petitioner's proposed facility is on the wrong side of that line.[1]

Affirmed.

---

[1] Petitioner contends that LUBA failed to give suitable consideration to the local body's interpretation of its ordinance. *But see McCoy v. Linn County,* 90 Or App 271, 752 P2d 323 (1988). That contention necessarily presupposes that the local provisions are ambiguous and open to differing interpretations. They are not.