Douglas L. PICKELL,
*Appellant,*

*v.*

OREGON MUTUAL
INSURANCE COMPANY,
*Respondent.*

(89-2805-L-1; CA A67095)

819 P2d 764

Richard A. Stark, Medford, argued the cause for appellant. With him on the brief was Stark and Hammack, Medford.

G. Marts Acker, Portland, argued the cause for respondent. With him on the brief were Cathy E. Smith and Acker, Underwood, Norwood & Hiefield, Portland.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals from a summary judgment for defendant Oregon Mutual Insurance Company (OMIC). The trial court held that defendant correctly refused tender of an action against plaintiff, its insured. We affirm.

Plaintiff had retired from the construction business. He owned and managed some rental properties. He also served on the board of directors of Jefferson State Communications (JSC), an Oregon corporation that operated as a long-distance resale company. He served on the board primarily to protect his investment. Between 1982 and 1984, he persuaded various investors to put money into JSC, promising that a $25,000 investment would yield $80,000 in just a year.

Three of those investors later sued plaintiff for fraud, misrepresentation, violation of Oregon security laws and breach of fiduciary duty. Their complaints alleged that plaintiff was greatly involved in JSC's promotion and management. Plaintiff tendered the actions to OMIC on December 20, 1985, and January 29, 1987. OMIC initially worked to settle the first action, but, on March 12, 1987, it rejected tender of all the claims. Plaintiff settled the actions in 1989 for $24,500 plus $14,762.70 in attorney fees and costs. He brought this action to compel OMIC to cover the false representation claims under his homeowner's, business owner's protector and comprehensive general liability policies. OMIC moved for summary judgment, which the trial court granted. Plaintiff's argument on appeal relates only to his claim under the homeowner's policy.

█ The policy is a standard homeowner's insurance policy. Plaintiff argues that these provisions compel OMIC to defend:

"Coverage L — Personal Liability

"We pay, up to our limit of liability, all sums for which any insured is legally liable because of bodily injury or property damage caused by an occurrence to which this coverage applies.

"We also pay, up to our limit of liability, all sums for which any insured is legally liable because of personal injury to which this coverage applies.

"We will defend any suit seeking damages, provided the suit

arises out of bodily injury, property damage, or personal injury not excluded under this coverage. We may make any investigation and settle any claim or suit that we decide is appropriate. We are not obligated to provide a defense after we have paid an amount equal to our limit of liability."

OMIC contends that two other sections of the policy shield it. The clauses provide:

"This coverage does not apply to liability for personal injury * * * arising out of the business activities of any insured."

and:

"[Personal liability] coverage does not apply to liability * * * arising out of the rendering of or failure to render professional services; arising out of activities in connection with an insured's business."

Plaintiff argues that the claims for false representation are personal injury claims and that property damage has resulted from them. OMIC does not deny that they are personal injury actions. Therefore, plaintiff would conclude, his liability is insured by OMIC.

■ Plaintiff also contends that we cannot determine the nature of the injury for purposes of determining whether it had a duty to defend the investors' complaints. That is incorrect. In *Oregon Insurance Guaranty Assoc. v. Thompson,* 93 Or App 5, 10, 760 P2d 890 (1988), *rev den* 307 Or 303 (1989), we restated the general rule that "the duty to defend is generally determined by comparing the terms of the insurance policy with the allegations in the underlying complaint." The investors brought personal injury actions, so we must look to the exclusions in the homeowner's policy to determine whether OMIC is liable.

Plaintiff also argues that OMIC's liability is a question of fact rather than of law and that, therefore, summary judgment was inappropriate. When "an insurance contract is unambiguous as to coverage, summary judgment on the issue of liability is not * * * error because there are no issues of fact as to that question." *Adams v. Northwest Farm Bureau Ins.,* 40 Or App 159, 164, 594 P2d 1256, *rev den* 287 Or 123 (1979). The trial court held that the business activities clauses unambiguously excluded injuries sustained incident to a business pursuit. We agree with that conclusion in this case, although

similar policy language might not be unambiguous in every situation. *See Von Lubken v. Hood River County,* 104 Or App 683, 688, 803 P2d 226 (1990), *on recon* 106 Or App 226, 806 P2d 727, *rev den* 311 Or 349 (1991).

Some cases will present a fact question as to whether the injuries arose out of business pursuits or out of activities ordinarily incident to nonbusiness pursuits. In *Aetna Life and Casualty v. Ashe,* 88 Or App 391, 394, 745 P2d 800 (1987), *rev den* 305 Or 103 (1988), for example, we noted that it was a question of fact whether vacuuming in a house used as a day care facility was a nonbusiness activity or was performed incident to a business pursuit. In this case, however, plaintiff's actions cannot fall outside any reasonable understanding of "business activities." The gravamen of the underlying litigation was that defendant induced people to invest in the corporation of which he was a board member. The policy is unambiguous, because JSC existed to generate profits for its shareholders by engaging in business.

Plaintiff invested in JSC, served on its board of directors and recruited other investors with promises of profit. His activity as a director earned him profits and continued for some time. His actions, and those of JSC, unquestionably constituted business activities. OMIC had no duty to defend plaintiff or to pay his liability.

Affirmed.