Argued and submitted January 17, reversed and remanded March 11, 1992

Clif KENAGY
and Lois Kenagy,
*Petitioners,*

*v.*

BENTON COUNTY,
Dennis Ranta and Judy Ranta,
*Respondents.*

(LUBA 91-097; CA A72690)

826 P2d 1047

Peter Livingston, Portland, argued the cause for petitioners. With him on the brief was Wood Tatum Wonacott and Landis, Portland.

Janet Sargent McCoy, Corvallis, argued the cause for respondent Benton County. On the brief was Candace A. Haines, Benton County Counsel, Corvallis.

No appearance for respondents Dennis Ranta and Judy Ranta.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Benton County approved Ranta's[1] application to construct an accessory dwelling for a relative on his property in an EFU zone. LUBA affirmed the county's decision and petitioners seek review. We reverse.

The dwelling is to be occupied by Ranta's son and daughter-in-law, whose assistance he asserts that he needs for farm operations. We take the facts from LUBA's opinion:

"The subject parcel is approximately 37 acres in size. Currently, there is one dwelling on the parcel, and it is occupied by [Ranta,] the property owner. There is a fenced pasture area, consisting of approximately 9 acres, behind the existing residence. At various times, the owner of the property has had some cattle in this pasture area, and there is currently a horse pastured there. The property owner leases approximately 23 acres of the subject parcel to lessees who farm this portion of the property, and the property owner has done this for a number of years. The property owner retains authority to approve the kinds of crops the lessees plant on the 23 acre parcel."

We note, also, that the county found that Ranta's relatives would assist him only in connection with the operations on the 9-acre unleased portion of the property.

ORS 215.283(1)(e) permits as a use on EFU land:

"A dwelling on real property used for farm use if the dwelling is:

"(A) Located on the same lot or parcel as the dwelling of the farm operator; and

"(B) Occupied by a relative, which means grandparent, grandchild, parent, child, brother or sister of the farm operator or the farm operator's spouse, whose assistance in the management of the farm use is or will be required by the farm operator."

The county code contains an analogous provision but also prescribes that only the owner of land or a person acting with the owner's written authorization may apply for approval of a particular land use on the property.

---

[1] Although both Mr. and Mrs. Ranta are parties, we use "Ranta" to refer only to him, because he is the one who purports to be the "farm operator."

In their assignments to LUBA, petitioners asserted that the county erred, first, by considering that Ranta's ownership of the property was a factor in deciding whether he is a "farm operator," a prerequisite for qualification under the relatives' dwelling provisions; and, second, in concluding that he is a farm operator.

■ LUBA rejected both assignments and concluded that Ranta is a farm operator. It then said, in a footnote to its opinion:

"Although we do not reach this issue, * * * we question whether the property owner's involvement in the farm operations on his property is sufficient to require the assistance of a relative."[2]

The reason that LUBA gave for not reaching the issue was that petitioners had not raised it in their appeal independently of the question of whether Ranta is a farm operator.[3]

■ Petitioners contend that they did raise the "requirement of assistance" issue as well as the "farm operator" issue. We agree, although not for the reasons that petitioners offer. Rather, we conclude that, under the statute, the two issues are inseparable and to raise one is to raise both. We said in *Hopper v. Clackamas County*, 87 Or App 167, 172, 741 P2d 921 (1987), *rev den* 304 Or 680 (1988), that the "critical criterion in ORS 215.283(1)(e)(B) is whether the accessory dwelling is sought for a relative 'whose assistance in the management of the farm use is or will be required by the farm operator.'" We also said that the amount of assistance required is not independently determinative of whether a dwelling is allowable, "as long as the 'farm operator' continues to have some significant involvement in the farm operations." In other words, we have treated the involvement

---

[2] LUBA's reasoning, and the county's argument, turn almost entirely on the ordinance rather than the statute. Counties may enact more restrictive criteria than ORS 215.283 imposes for permitting the uses described in that statute. *Von Lubken v. Hood River County*, 104 Or App 683, 803 P2d 750 (1990), *adhered to* 106 Or App 226, 806 P2d 727, *rev den* 311 Or 349 (1991). However, they may not apply criteria that are inconsistent with or less restrictive than the statutory standards. *Newcomer v. Clackamas County*, 92 Or App 174, 186, 758 P2d 369, *modified* 94 Or App 33, 764 P2d 927 (1988). Given the posture of the issues, our analysis will therefore focus on the statute.

[3] "Farm operator" is not defined by the statute or the ordinance.

of a farm operator and his need for assistance as two sides of one coin in applying ORS 215.283(1)(e)(B).

That approach is consistent with the language and purpose of the statute. Although one must be a farm operator in order to require assistance with farm operations, the status of being a farm operator has no decisive independent significance. The *reason* for the statute is to promote farm operations by providing farm operators with access to the assistance necessary to conduct them. *See Hopper v. Clackamas County, supra,* 87 Or App at 172.

In sum, we construe the statute as posing one question with two components: Is the dwelling necessary because the person who operates the farm requires the assistance of the relative who will reside in the dwelling? It is foreign to the purpose of the statute to treat the farm operator and the need for assistance as independent questions. What the statute is concerned with is a farm operator who requires assistance. We remand to LUBA to answer both parts of the question.

Reversed and remanded for proceedings not inconsistent with this opinion.