Fritz VON LUBKEN,
Joan Von Lubken
and Von Lubken Orchards, Inc.,
*Petitioners,*

*v.*

HOOD RIVER COUNTY
and Brookside, Inc.,
*Respondents.*

(LUBA 92-126; CA A77772)

846 P2d 1178

Max M. Miller, Jr., Portland, argued the cause for petitioners. With him on the brief was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Teunis Wyers, County Counsel, Hood River, argued the cause and filed the brief for respondent Hood River County.

B. Gill Sharp, Hood River, argued the cause for respondent Brookside, Inc. With him on the brief was Jaques & Sharp, Hood River.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

In *Von Lubken v. Hood River County*, 104 Or App 683, 803 P2d 750 (1990), *on recon* 106 Or App 226, 806 P2d 727, *rev den* 311 Or 349 (1991), we reversed LUBA's affirmance of the county's allowance of a conditional use permit to respondent Brookside to develop a golf course in an exclusive farm use (EFU) zone. We concluded that Standard D(9) of the county's comprehensive plan, providing that "[d]evelopment will not occur on lands capable of sustaining accepted farming practices," precluded the location of a golf course on the site. Thus, even if the golf course would have been permissible under ORS 215.213(2) or ORS 215.283(2), it could not be allowed under the more stringent standard in the plan. After our decision, the county enacted an ordinance to repeal Standard D(9), Brookside filed a new application and the county granted it. Petitioners appealed to LUBA, which affirmed the county's decision. They now seek our review.

In their first assignment, petitioners contend that the repeal of the standard was not applicable to Brookside's application at the time that it was filed. Therefore, under ORS 215.428, the county was required to apply Standard D(9) to that application and erred by not doing so. The ordinance repealing the standard was enacted in July, 1991, and Brookside filed the new application in August. In the meantime, petitioners appealed the legislation repealing Standard D(9) to LUBA. LUBA remanded it to the county. The county took curative action pursuant to the remand. No further review was sought, and the repeal legislation was deemed acknowledged under ORS 197.625 in January, 1992. The county made the decision to allow the application in June, 1992.

Petitioners contend that the plan amendment repealing Standard D(9) was not acknowledged at the time that Brookside submitted its application and that Standard D(9) retained its acknowledged status until January, 1992. ORS 215.428(3) requires counties to base approvals or denials of permit applications on the standards and criteria "that were applicable at the time the application was first submitted." The county and Brookside respond, *inter alia*, and LUBA agreed, at least in part, that the repeal legislation was *in effect* at the time of the application, remained so at least until LUBA's remand and became effective again when

it was deemed acknowledged in January, before the county approved the permit. The county and Brookside argue that petitioners confuse the *effectiveness* of the repeal with its *acknowledgement*, and that only the repeal's effectiveness is relevant to its applicability. Accordingly, they consider it irrelevant that the amendment was not deemed acknowledged until long after the application was first submitted.

Petitioners argue that Standard D(9) remained acknowledged and applicable until the ordinance repealing it was deemed acknowledged. Therefore, in their view, Standard D(9) was applicable to Brookside's application. We agree. We conclude that an amendment to an acknowledged comprehensive plan does not supplant the unamended version until the amendment is acknowledged or deemed acknowledged. Local governments are required to apply their acknowledged plans and land use regulations to their land use decisions. ORS 197.175(2)(d). A plan or plan amendment is not acknowledged unless it complies with or is deemed to comply with the statewide planning goals, and plan amendments are subject to review for goal compliance. ORS 197.835(4). Given the statutory structure, a provision that is not acknowledged cannot be given effect instead of one that is. That is especially clear under the circumstances here, where the amendment repealed an existing acknowledged provision, and the acknowledgment of the amendment was contingent on whether the elimination of the existing provision complied or was deemed to comply with the goals. We hold that Standard D(9) remained the viable plan provision at the time that the application was filed and, under ORS 215.428, the county was required to apply it. LUBA's contrary ruling was error.[1]

■  Because the issue raised by petitioners' second assignment is likely to arise on remand, we turn to it. Petitioners contend that the county erred in not rejecting the application on the basis of ORS 215.296(1), and that LUBA erred in holding to the contrary. That statute was enacted

---

[1] We have considered whether the error is harmless on the theory that, if we remand, Brookside could simply file another new application, to which the now acknowledged amendment would apply. We cannot so conclude, however. Even without Standard D(9), we can do no more than make an educated guess as to what the county's disposition of the new application would be.

We do not mean to imply that there are no circumstances in which it would be permissible to apply local provisions before they are acknowledged.

after the original permit was issued, Or Laws 1989, ch 861, § 61, and provides:

"A use allowed under ORS 215.213(2) or ORS 215.283(2) may be approved only where the local governing body or its designee finds that the use will not:

"(a) Force a significant change in accepted farm or forest practices on surrounding lands devoted to farm or forest use; or

"(b) Significantly increase the cost of accepted farm or forest practices on surrounding lands devoted to farm or forest use."

LUBA treated the issue that petitioners' assignment to it presented as being whether there was substantial evidence in the whole record to support the county's findings that the golf course use would not have the proscribed effects on petitioners' adjacent orchard, in six specific particulars. Petitioners maintain that that view of their assignment was too narrow and that, to resolve it, LUBA had to and failed to define the word "significant" in the statute. However, petitioners offer no legislative history or other basis for concluding that the word is a term of art, rather than one that simply connotes a question of degree that is more a matter of fact than of law.

Moreover, the definition of "significant" that petitioners advance is not persuasive. They rely on *McCaw Communications, Inc. v. Marion County*, 96 Or App 552, 773 P2d 779 (1989), *Hopper v. Clackamas County*, 87 Or App 167, 741 P2d 921 (1987), *rev den* 304 Or 680 (1988), and similar cases for the proposition that statutes and regulations pertaining to non-farm uses in EFU zones should be construed to maximize agricultural uses and minimize non-agricultural uses. From that proposition, petitioners derive the conclusion that "significant," in the context of ORS 215.296(1), means "anything more than trivial or frivolous." However, *McCaw* and *Hopper* do not state an immutable rule of construction. ORS 215.296 establishes supplemental restrictions on uses that would otherwise be permissible under ORS 215.213(2) and ORS 215.283(2). The *substance* of the statute addresses the concern in *McCaw* and *Hopper* that agricultural uses not be displaced by or subjected to interference from non-farm uses. The words "significant" and "significantly" limit,

rather than supplement, the protections that the statute affords.

■ Given that context, we do not agree with petitioners' definition, nor do we agree that LUBA applied the terms too unrestrictively. Our review of its conclusion that there was substantial evidence to support the findings is confined to whether LUBA correctly understood and applied that test, even if our own assessment might be different. *Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988). We hold that the test was properly understood and applied.

■ Finally, petitioners argue that LUBA erred by considering the six impacts of the golf course on their farm operations in isolation and that ORS 215.296(1) should be construed to require their cumulative effects to be considered. We agree with petitioners' reading of the statute. Because we remand, the county and/or LUBA will have the opportunity to reconsider the compatibility of the proposed use with ORS 215.296(1).

Reversed and remanded for reconsideration.