Argued and submitted September 6, motions to strike denied; affirmed October 5,
petition for review allowed December 13, 1994 (320 Or 453)
See later issue Oregon Reports

Olafur BRENTMAR,
*Petitioner,*

*v.*

JACKSON COUNTY
and Neil E. Warren,
*Respondents.*

(LUBA 93-208; CA A84956)

882 P2d 1117

Tonia L. Moro argued the cause and filed the brief for petitioner.

Georgia L. Daniels, Assistant County Counsel, argued the cause and filed the brief for respondent Jackson County.

No appearance for respondent Neil E. Warren.

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and De Muniz, Judge.

RIGGS, P. J.

## RIGGS, P. J.

Petitioner seeks review of LUBA's decision affirming Jackson County's denial of Peace Garden Institute's application for a conditional use permit to operate an agricultural and horticultural school, together with related facilities and "commercial activities," in an exclusive farm use (EFU) zone.

Initially, petitioner and the county have moved to strike all or parts of one another's briefs. We deny the motions.

On the merits, only one of petitioner's arguments calls for discussion. He asserts that the county erred by applying criteria in its own legislation that are more restrictive of the proposed use than are ORS 215.213 and ORS 215.283, the state statutes pertaining to permissible farm-related and nonfarm uses in EFU zones. Petitioner argued to LUBA that the county was required by those statutes to allow the proposed use, and that it was impermissible for the county to enact or apply legislative criteria of its own that supplement those of ORS 215.213(1) and ORS 215.283(1).[1] LUBA rejected that argument, explaining:

> "There are two problems with petitioner's argument. First, petitioner's multifaceted proposal is not merely a 'private school' and 'buildings essential to the operations of a school.' The proposal includes 'commercial activities * * * in conjunction with farm use' and 'small scale energy producing facilities,' neither of which are uses allowed under ORS 215.213(1) and 215.283(1). That problem aside, this Board and the Oregon Court of Appeals have not construed the above statutes as limiting the county's authority to regulate uses in its EFU zones in the way petitioner argues. The Oregon Court of Appeals has stated in several cases that although a county may not regulate nonfarm uses in its EFU zones *less* stringently than required by ORS chapter 215, it may regulate such nonfarm uses *more* stringently. *Kenagy v. Benton County,* 112 Or App 17, 20 n 2, 826 P2d 1047 (1992); *Von Lubken v. Hood River County,* 104 Or App 683, 687, 803 P2d 750 (1990), *on reconsideration* 106 Or App 226, *rev den* 311 Or 349 (1991); *Kola Tepee, Inc. v. Marion County,* 99 Or

---

[1] Subsections (1)(a) of both statutes allow the establishment of "[p]ublic or private schools, including all buildings essential to the operation of a school," in EFU zones. The issues in this case and the analysis here apply equally and identically to ORS 215.213 and ORS 215.283.

App 481, 782 P2d 955 (1989), *rev den* 309 Or 441 (1990). Therefore, while nothing in ORS 215.213(1) and (2) and 215.283(1) and (2) prevents the county from adopting an EFU zone that allows uses identified in ORS 215.213(1) or 215.283(1) as outright permitted uses, those statutes do not *require* that it do so." (Emphasis in original.)

Petitioner contends that *Kola Tepee, Inc. v. Marion County, supra,* left open the question that LUBA answered, and that the other cases on which LUBA relied are distinguishable. His principal assertion is that the cases allow more restrictive local criteria only in connection with the uses enumerated by ORS 215.213(2) and ORS 215.283(2), but not in connection with the uses set forth in subsections (1) of those statutes. According to petitioner, counties are required to allow the uses described in subsections (1) outright.

We said in *Kenagy v. Benton County, supra*:

"LUBA's reasoning, and the county's argument, turn almost entirely on the ordinance rather than the statute. Counties may enact more restrictive criteria than ORS 215.283 imposes for permitting the uses described in that statute. *Von Lubken v. Hood River County,* 104 Or App 683, 803 P2d 750 (1990), *adhered to* 106 Or App 226, 806 P2d 727, *rev den* 311 Or 349 (1991). However, they may not apply criteria that are inconsistent with or less restrictive than the statutory standards. *Newcomer v. Clackamas County,* 92 Or App 174, 186, 758 P2d 369, *modified* 94 Or App 33, 764 P2d 927 (1988). Given the posture of the issues, our analysis will therefore focus on the statute." 112 Or App at 20 n 2.

Petitioner acknowledges that *Kenagy* involved a use described in ORS 215.283(1). He maintains, however, that our statement "was only by way of dicta for purposes of explaining why the court focused its analysis on the statute as opposed to the" county ordinance.

Petitioner's reading of our statement in *Kenagy* is simply not tenable. The statement pertains by its express terms to uses described in ORS 215.283 generally, and the issue in the case was the permissibility of a use described in subsection (1) of that statute. In short, *Kenagy* is squarely contrary to petitioner's argument. We do not agree with petitioner that our statement of the law that applied to the

case was *dicta* and, if we did, we would now hold that our comment in *Kenagy* correctly states the law.

To the extent that petitioner's real point is that we should reconsider *Kenagy* and our other cases that have reached the same conclusion, we adhere to them. Although there *may* be some circumstances under which a county must permit some of the uses described in ORS 215.213(1) or ORS 215.283(1), without applying supplemental local criteria, this is not such a situation. Nothing in the text or context of those or related statutes permits the conclusion that counties are required to grant *every* application to operate a school in a farm zone.

We have considered and reject petitioner's other arguments without discussion.

Motions to strike denied; affirmed.