Argued and submitted December 7, 1994, reversed and remanded in part; otherwise
affirmed March 8, 1995

SAFECO INSURANCE COMPANY
OF AMERICA,
a Washington corporation,
*Respondent,*

*v.*

Aaron BARNES,
Debra L. Walsh and Patrick Walsh,
*Defendants,*
*and*

James M. KUBALEK,
*Appellant.*

James M. KUBALEK,
*Third-Party Plaintiff,*
*v.*

BURGARD, FINKE & MILLER, INC.,
dba Miller Insurance,
and John Doe,
*Third-Party Defendants.*

(9304-02361; CA A82894)

891 P2d 682

Larry Dawson argued the cause and filed the briefs for appellant.

Michael A. Lehner argued the cause for respondent. With him on the brief was Lehner, Mitchell, Rodrigues & Sears.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

* Riggs, P. J., *vice* Rossman, P. J., retired.

## LEESON, J.

This declaratory judgment action by plaintiff Safeco Insurance Company of America (Safeco) concerns Safeco's handling of a personal injury claim against its insured, defendant Kubalek. The primary issues are the applicability of certain exclusions in Kubalek's homeowner's policy and the viability of Kubalek's breach of fiduciary duty and negligence counterclaims against Safeco. Kubalek appeals from a summary judgment, entered in favor of Safeco, which disposed of both Safeco's claims and Kubalek's counterclaims. We affirm in part and reverse in part.

In early May 1991, Kubalek made repairs to the second-story balcony railing at an apartment building that he owned. On May 21, 1991, he sold the apartment building to the Walshes and canceled the business liability policy, issued by Safeco, that had insured it. He retained for his personal residence a homeowner's insurance policy that also was issued by Safeco. Kubalek was not informed by either Safeco or his insurance agent that cancellation of the business policy could leave him without coverage for any accident that occurred at the apartment building after the date of sale, if the accident resulted from actions taken by Kubalek before the sale.

Such an accident did occur. In June 1991, Barnes was injured when he fell from the second-story balcony of the apartment building after the railing that Kubalek had repaired gave way. In May 1992, Barnes sued Kubalek for negligent repair of the railing.[1]

In June 1992, Kubalek asked Safeco to defend him in the Barnes lawsuit. Safeco declined, apparently on the ground that Kubalek's business liability policy "applies only * * * to bodily injury * * * that occurs during the policy period," which ended on May 21, 1991. Kubalek hired an attorney and again asked Safeco to provide his defense. This

---

[1] Barnes's original complaint alleged that Kubalek owned the apartment and had been negligent with respect to construction, maintenance and repair of the second-floor railing. His amended complaint deleted all references to Kubalek's ownership of the property.

Barnes and the Walshes have been dismissed from the case and are not parties to this appeal.

time, Safeco agreed to pay Kubalek's lawyer for Kubalek's defense on the basis of his personal homeowner's policy, but it reserved the right to deny coverage in the event of an adverse judgment against Kubalek. Safeco's reservation of rights was based on three provisions in the homeowner's policy: one that excludes coverage for claims "arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured," one that excludes coverage for claims "arising out of any premises owned [by] or rented to an insured which is not an insured location," and one that excludes coverage for liability "under any contract or agreement in connection with any business of any insured[.]"

From January 1993, forward, Safeco paid the cost of defending Kubalek in the Barnes lawsuit. In March 1993, after a five-day trial, the jury returned a verdict for Barnes, finding Kubalek 40 percent negligent and the Walshes 60 percent negligent. Under the judgment entered in April 1993, Kubalek was solely liable for $160,000, which was 40 percent of Barnes's noneconomic damages, and was jointly and severally liable for Barnes's economic damages of $59,000. Approximately four months passed. In August 1993, Safeco settled with Barnes and paid $100,000, which was the limit of Kubalek's homeowner's policy, in full satisfaction of the judgment against Kubalek. Safeco also paid defense costs and attorney fees for all work performed after it accepted Kubalek's defense.

Safeco then filed this action, seeking a declaration that it had no obligation to defend or indemnify Kubalek under either his business or homeowner's policy. Its complaint prays both for reimbursement of the costs incurred in this declaratory judgment action and for a

> "judgment declaring that plaintiff has no obligation under the policies described above to indemnify defendant Kubalek for the bodily injury claim of defendant Aaron Barnes * * *."

It does not seek to recover the $100,000 that it paid to settle the Barnes lawsuit, nor the costs and fees paid to defend against it.

Kubalek counterclaimed for breach of insurance contract, breach of fiduciary duty and negligence.[2] He also asserted a third-party negligence claim against Miller Insurance, through which he had canceled his business insurance policy.[3] Safeco moved for summary judgment on the grounds that two of its policy exclusions, the "uninsured location" provision and the "business pursuits" provision, negated coverage under Kubalek's homeowner's policy and that partial payment of Kubalek's defense costs and full satisfaction of the judgment against him required the conclusion that Kubalek had suffered no damages recoverable under any legal theory. The trial court found in favor of Safeco on all claims and counterclaims, granted its motion for summary judgment and awarded costs in the amount of $193.

■   On appeal, Kubalek contends that the trial court erred in granting summary judgment on the basis of the homeowner's policy provision that excludes coverage for claims "arising out of business pursuits of any insured * * *." He argues that his repair of the balcony railing was not a "business pursuit," because he is an electrician and is not in the business of repairing railings or apartment balconies. He further argues that his repair of the balcony railing was, at most, a matter of "personal negligence" that was unrelated to his ownership of the building, and that he was therefore liable to Barnes only as an individual, and not as the owner of the premises.

In some cases, there may be a fact question about whether an activity is a business or a nonbusiness pursuit. *See, e.g., Aetna Life and Casualty v. Ashe*, 88 Or App 391, 394, 745 P2d 800 (1987), *rev den* 305 Or 103 (1988). However, the repairs that Kubalek made—removal and replacement of balcony railings on an apartment building that he owned and

---

[2] On appeal, Kubalek does not challenge the summary judgment as to his breach of contract claim. On the breach of fiduciary duty claim, however, he asserts that Safeco mishandled his defense, forced him to go to trial, refused an offer to settle for an amount between $50,000 and $100,000 and refused to satisfy the judgment against him until almost four months after trial. He also asserts that during that four-month period, he suffered extreme emotional distress, because his assets were subject to execution and his wages were subject to garnishment. No assets were ever seized and no wages were actually garnished.

[3] Miller Insurance is not a party to this appeal.

rented to tenants — are a quintessential example of a "business pursuit." No reasonable jury could have found those activities to be of a nonbusiness, or personal, nature. *See Pickell v. Oregon Mutual Ins. Co.*, 109 Or App 439, 443, 819 P2d 764 (1991), *rev den* 312 Or 588 (1992). The trial court did not err in concluding that Kubalek's activities fell within the business pursuit exclusion.[4]

■ Kubalek next argues that, even if a policy exclusion applied and negated coverage, summary judgment should not have been entered on his breach of fiduciary duty counterclaim, because when Safeco agreed to provide Kubalek a defense against the Barnes claim, it assumed a fiduciary relationship and duty towards Kubalek. He maintains that there is a genuine issue of material fact about whether Safeco breached that duty. Safeco responds that a breach of fiduciary duty claim should not be permitted when, as here, the insured was not even entitled to coverage under the insurance policy.

■ Safeco is correct that, because Kubalek had canceled his business policy and the business pursuits exclusion of his homeowner's policy applied in the Barnes lawsuit, Kubalek was ineligible for protection from liability under either policy and Safeco arguably had no duty to defend him. However, once Safeco assumed that duty, it was obligated to defend in a manner that protected Kubalek's interests as well as its own. *Maine Bonding v. Centennial Ins. Co.*, 298 Or 514, 519, 693 P2d 1296 (1985).

The undisputed facts are that Kubalek retained an attorney to represent him in the Barnes litigation after Safeco refused to provide him a defense. Approximately seven months later, Safeco accepted the defense under a reservation of rights and retained Kubalek's attorney to continue to represent Kubalek. Before trial, Kubalek's attorney recommended that Safeco settle with Barnes and Safeco refused. During trial, Kubalek's attorney again recommended that Safeco settle with Barnes and Safeco again refused. Under

---

[4] Kubalek also argues that insurance coverage under his homeowner's policy was not negated by the "premises owned" exclusion, because Barnes's negligence claim arose out of premises that, at the time of the accident, were owned by the Walshes, not Kubalek. Because of our conclusion that the business pursuits provision negates coverage, we need not consider the applicability of the premises owned exclusion.

the judgment entered after the trial, Kubalek was solely liable to Barnes for $160,000 and joint and severally liable with the Walshes for Barnes's economic damages of $59,000. Safeco settled with Barnes four months later, resulting in a full satisfaction of the judgment against Kubalek.

We understand Kubalek's claim to be that Safeco owed Kubalek a fiduciary duty in these circumstances. When Safeco accepted Kubalek's defense in the Barnes case, it did so under a reservation of rights because it disputed its obligation to cover the claim under Kubalek's homeowner's policy and the Barnes claim exceeded the policy limit. Kubalek's theory appears to be that Safeco breached its fiduciary duty toward him by refusing to settle the Barnes case before or during trial and that, as a consequence, Kubalek faced the threat of execution on the judgment and garnishment of his wages during the four months between the entry of judgment in the Barnes case and Safeco's settlement with Barnes. Kubalek's complaint also suggests that if Safeco had undertaken its own investigation of the Barnes claim, it would have accepted the advice of Kubalek's attorney to settle that case before or during trial. Because of Safeco's alleged breach of fiduciary duty, Kubalek claims damages that include the attorney fees he incurred before Safeco accepted the defense in the Barnes litigation and noneconomic damages for emotional distress.

In *Maine Bonding v. Centennial Ins. Co., supra,* 298 Or at 518-19, the Supreme Court described an insurer's duty to its insured as follows:

> "In conducting the defense of a claim against an insured, including the investigation, negotiation, and litigation of the claim, the insurer must use such care as would have been used by an ordinarily prudent insurer with no policy limit applicable to the claim. The insurer is negligent in failing to settle, where an opportunity to settle exists, if in choosing not to settle it would be taking an unreasonable risk – that is, a risk that would involve chances of unfavorable results out of reasonable proportion to the chances of favorable results. * * * The insurer's duty is best expressed by an objective test: Did the insurer exercise due care under the circumstances."

In this case, Safeco does not deny that it failed to investigate the Barnes claim against Kubalek. It contends that the defense of that case was "provided by an attorney

selected by Kubalek" and that "investigation and defense of that case was directed and controlled by Kubalek and his chosen attorney." Nonetheless, Safeco refused to accept the recommendations of Kubalek's attorney to settle the case before and during trial. An affidavit by Kubalek's attorney explains his efforts to persuade Safeco to settle the claim before or during trial. On this record, we conclude that a material issue of fact exists about whether Safeco breached its fiduciary duty. The trial court erred in granting summary judgment for Safeco on Kubalek's breach of fiduciary duty counterclaim.

■     The final question is whether a genuine issue of fact exists on Kubalek's negligence counterclaim. The "Coverages" section in Part Two of the business liability policy that Kubalek canceled on May 21, 1991, stated that it applied only "[t]o 'bodily injury' or 'property damage' that occurs during the policy period." Similarly, the "Medical Expenses" provision stated:

> "We will pay medical expenses as described below for 'bodily injury' caused by an accident * * * provided that * * * the accident takes place in the 'coverage territory' and during the policy period."

Kubalek's negligence claim alleged that Safeco was negligent in: (1) Failing to inform its agents that canceling a policy would leave a former policy holder uninsured for claims brought after the policy was terminated; (2) failing to inform its agents that Safeco could deny claims for injuries that occurred after the policy was canceled; and (3) failing to inform Kubalek that accidents that occurred after he canceled the policy would not be covered. As a consequence of Safeco's alleged negligence, Kubalek claimed the same damages that he alleged under the breach of fiduciary duty claim — attorney fees and noneconomic damages for emotional distress resulting from having a judgment entered against him in the Barnes litigation. Although he does not identify the source of Safeco's duty, we understand Kubalek's negligence claim to be that Safeco owed him a duty because of a particular status or relationship with him. *See Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987). Safeco contends that Kubalek was required to plead and prove facts showing that Safeco had a duty to instruct

and warn its agents and Kubalek about the effect of a policy cancellation and that that failure was a cause of foreseeable damage.

Safeco is correct that Kubalek failed to plead and prove facts establishing Safeco's duty. The complaint has no allegations and the summary judgment record contains no evidence from which it could be found that Safeco, directly or through its agents, had assumed a duty to inform Kubalek of the consequences of canceling his business liability policy. *Cf. Precision Castparts v. Johnson*, 44 Or App 739, 743, 607 P2d 763 (1980) (duty may be created to warn about significant distinctions among insurance policies customer is considering purchasing). Rather, Kubalek's negligence claim is grounded on the assumption that, as a matter of law, Safeco had a duty to instruct and warn its agents and Kubalek about the effect of canceling the policy. Kubalek cites no authority for that proposition and we find none. The trial court did not err in entering summary judgment in favor of Safeco on Kubalek's negligence counterclaim.

Judgment on Kubalek's counterclaim for breach of fiduciary duty reversed and remanded; otherwise affirmed.