Argued and submitted February 2, affirmed on petition and cross-petition
March 8, 1995

Fritz VON LUBKEN,
Joann Von Lubken and
Von Lubken Orchards, Inc.,
*Petitioners - Cross-Respondents,*

*and*

HOOD RIVER VALLEY
RESIDENTS COMMITTEE, INC.,
*Petitioner below,*

*v.*

HOOD RIVER COUNTY,
*Respondent,*

*and*

HANEL LUMBER COMPANY, INC.,
*Respondent - Cross-Petitioner.*

(94-132; CA A86839)

891 P2d 5

Max M. Miller, Jr., argued the cause for petitioners - cross-respondents. With him on the briefs was Tonkon, Torp, Galen, Marmaduke & Booth.

B. Gil Sharp and Timothy V. Ramis argued the cause for respondent - cross-petitioner Hanel Lumber Company, Inc. Teunis Wyers argued the cause for respondent Hood River County. With them on the brief were Jaques, Sharp, Sherrerd & Burke and O'Donnell, Ramis, Crew, Corrigan & Bachrach and County of Hood River.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review and respondent Hanel Lumber Company, Inc., (respondent) cross-petitions from LUBA's remand of Hood River County's allowance of respondent's application[1] for a conditional use permit to operate a golf course in an agricultural zone. We affirm on the petition and on the cross-petition.

Petitioners argue that LUBA erred in remanding, rather than reversing, the county's order. They also ascribe error to LUBA's failure to hold that, or to require the county to consider whether, the cumulative impact of all of the assertedly "documented changes" in farm practices and the attendant costs resulting from the construction and operation of the golf course render it impermissible under ORS 215.296. Without expressing a view on the accuracy of petitioners' description of LUBA's rulings, we agree with LUBA's analysis of these issues and affirm on the petition without further discussion.

The cross-petition requires more discussion. The county decision that is now before us is the fourth one approving an application for the golf course. In each of the previous instances, LUBA, this court or both remanded the decision in whole or in part. Nevertheless, the golf course has been constructed and has been operating since 1990. Some of the procedural history is described in our most recent opinion dealing with this matter, *Von Lubken v. Hood River County*, 118 Or App 246, 846 P2d 1178, *rev den* 316 Or 529 (1993). In that opinion, we remanded, *inter alia*, for further consideration of the consistency of the proposed use with ORS 215.296(1):

"A use allowed under ORS 215.213(2) or ORS 215.283(2) may be approved only where the local governing body or its designee finds that the use will not:

"(a) Force a significant change in accepted farm or forest practices on surrounding lands devoted to farm or forest use; or

---

[1] The original applicant and the respondent at earlier stages of the case was Brookside, Inc., to which the present respondent is apparently the successor. For convenience, we will use the term "respondent" to refer to the applicants in all of their identities.

"(b) Significantly increase the cost of accepted farm or forest practices on surrounding lands devoted to farm or forest use."

After the county governing body issued its present approval following the remand, petitioners again appealed to LUBA. LUBA rejected most of their specific contentions, but remanded the decision for the county to address two specific issues. Respondent's cross-petition takes issue with the bases for the remand to the county. The first basis was LUBA's conclusion that the county's decision failed to give adequate consideration to the costs that petitioners allegedly incurred in the operation of their nearby farm as a result of dust that was generated by the preparatory work for the construction of the golf course. The second ground for the remand was LUBA's conclusion that there was a lack of substantial evidence in the whole record to support the county's finding that there would not be an increase in petitioners' aerial spraying costs because of the golf course.

■ With respect to respondent's argument concerning the evidentiary support on the aerial spraying cost issue, we find no error. Our review is to determine whether LUBA correctly understood and applied the substantial evidence review test. *Cusma v. City of Oregon City*, 92 Or App 1, 757 P2d 433 (1988). We conclude that it did correctly apply the test.

■ Respondent's argument regarding the construction dust cost issue takes three forms. First, it argues that the county made an alternative finding that would require LUBA to uphold the county's decision. The alternative finding that respondent points to is the county's determination that these alleged "costs did not exist." Respondent contends that there was substantial evidence to support this finding. Respondent maintains that this issue was raised in its and the county's brief to LUBA, but that LUBA failed to address it. We have reviewed the part of the LUBA brief that respondent cites and conclude that the argument it now makes was not made to LUBA with the requisite specificity for LUBA to have been able to determine what respondent's and the county's intended point was. We find no error.

Respondent argues next that, in our most recent previous opinion, we upheld a ruling by LUBA that disposes

of the construction dust question favorably to respondent. We agree with LUBA's conclusion, in its most recent opinion, that our earlier opinion did not have the meaning that respondent attributes to it.

Finally, respondent points out that ORS 215.296 was not in effect at the time that it generated the dust in 1989. It maintains that the statute should not be applied retroactively and, further, that "the 1989 work to prepare the land for a golf course" required no land use approval; only the golf course use itself requires a permit and, hence, ORS 215.296(1) does not apply to the preparatory construction work and the "cost impacts allegedly caused by dust are not attributable to the use of the land for a golf course."

We do not agree with respondent's premise that preparing land for use as a golf course is separable, at least for purposes of the application of ORS 215.296(1), from seeking approval of and operating a golf course on the land. Similarly, we do not accept the notion that considering the 1989 costs associated with a use for which approval is still being sought constitutes a retroactive application of the statute. ORS 215.296(1) applies to the approval of the use; the use has not been finally approved, and the statute is in effect now.[2] LUBA's response to a related argument captures the essence of the problem with respondent's contentions regarding ORS 215.296:

> "The golf course challenged in this appeal was constructed while the decisions approving that golf course were on appeal. The county may not allow the applicant to construct the golf course, prior to receipt of a decision approving such construction that is sustained on appeal, and thereafter rely on the fact that the impacts on accepted farm practices and the costs thereof during construction of the golf course are not significant."

We agree with LUBA that the statute cannot be circumvented by disregarding costs that result from the development or implementation of a use before it has been approved.

Affirmed on petition and on cross-petition.

---

[2] Whether the statute applies, by its terms, to costs that have been incurred in the past and will not be repeated is a different question.