Argued and submitted May 26, peremptory writ to issue June 18, 1992

STATE ex rel Thomas and Doris DODD,
*Plaintiff-Relators,*

*v.*

George M. JOSEPH,
and the Court of Appeals,
*Defendants.*

(SC S39163)

833 P2d 1273

Richard M. Stephens, Pacific Legal Foundation, Portland, argued the cause and filed the brief for plaintiff-relators.

John T. Bagg, Assistant Attorney General, Salem, argued the cause and filed the brief for defendants. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GRABER, J.

**GRABER, J.**

In this mandamus proceeding, we consider whether the Court of Appeals must vacate its order dismissing the cross-petition for judicial review filed in that court by relators. We conclude that the Court of Appeals must vacate its order of dismissal, and we direct that a writ issue accordingly.

Relators are persons whose property is affected by a final order of the Land Use Board of Appeals (LUBA). Relators filed a petition for judicial review of the LUBA order, but it was untimely. Accordingly, the Court of Appeals dismissed that petition for judicial review. Relators do not challenge that dismissal.

Another party, Oregonians in Action (OIA), had filed a timely petition for judicial review of the same LUBA order. Pursuant to ORAP 4.68(1),[1] relators filed a cross-petition for judicial review within seven days after OIA filed the timely petition for judicial review. The Court of Appeals dismissed relators' cross-petition, apparently on the ground that relators' interests are not adverse to those of OIA. The order of dismissal states in part:

"Oregonians in Action and Thomas Dodd and Doris Dodd filed petitions for judicial review from a Land Use Board of Appeals order served February 24, 1992. The petition filed by Dodds named Hood River County as the adverse party, was mailed by regular mail and was received and filed 1 day late. On March 20, 1992, the court dismissed the petition as untimely and ordered the case to proceed on the petition filed by Oregonians in Action. Thomas Dodd and Doris Dodd have now filed a cross-petition for judicial review again naming Hood River County as the adverse party. The court determines on its own motion that it does not have jurisdiction to review the cross-petition. Therefore, the cross-petition is dismissed for want of jurisdiction."

Relators challenged that order. We granted an alternative writ of mandamus, and defendants responded.

■        The first question is whether the pertinent statute authorized the Court of Appeals to promulgate ORAP 4.68(1)

---

[1] ORAP 4.68(1) provides, with respect to judicial review of final orders of LUBA: "A cross-petition for judicial review, if any, shall be served and filed within 7 days after the filing of the petition for judicial review."

insofar as it permits a party to seek judicial review of a LUBA order by any form of petition filed more than 21 days after service of the order. Defendants argue that the 21-day limit found in ORS 197.850(3)(a) applies to all petitions, including cross-petitions, and cannot be "enlarge[d]" by ORAP 4.68(1). Reading ORS 197.850 as a whole, we do not agree that ORAP 4.68(1) exceeds the Court of Appeals' authority.

ORS 197.850(3) provides:

"(a) Jurisdiction for judicial review of proceedings under ORS 197.830 to 197.845 is conferred upon the Court of Appeals. *Proceedings for review shall be instituted by filing a petition in the Court of Appeals.* The petition shall be filed within 21 days following the date the board delivered or mailed the order upon which the petition is based.

"(b) Filing of the petition, as set forth in paragraph (a) of this subsection, and service of a petition on all persons identified in the petition as adverse parties of record in the board proceeding is jurisdictional and may not be waived or extended." (Emphasis added.)

ORS 197.850(6) provides:

"*Petitions* and briefs *shall be filed within time periods* and in a manner[2] *established by the Court of Appeals by rule.*" (Emphasis added.)

When read together, those subsections mean that the filing of a single timely petition for judicial review in the Court of Appeals institutes "[p]roceedings on review." ORS 197.850(3)(a). At that time, the Court of Appeals acquires jurisdiction to review the LUBA order in its entirety. Under ORS 197.850(6), the Court of Appeals may establish, by rule, "time periods" for the filing of additional "[p]etitions." ORAP 4.68(1) is a rule that establishes the time period for the filing of additional petitions, after the timely filing of an initial petition for judicial review. There is no statute that requires that every party be heard from or every issue be raised within 21 days after service of the LUBA order, in a case in which proceedings for review have been instituted within that time.

In ORS 197.850(3), the word "petition" is singular. By contrast, in ORS 197.850(6), the word "petitions" is

---

[2] Defendants do not challenge the adequacy of the form or manner of filing relators' cross-petition.

plural. That difference is significant; it means that the legislature contemplated that, in addition to a petition for judicial review that triggers the review process, there can be additional petitions in the same proceeding, as to which the Court of Appeals has the authority under ORS 197.850(6) to establish "time periods" for filing. That authority cannot be meaningful *unless* the Court of Appeals can permit additional petitions to be filed *beyond* the 21 days. Anything filed *within* the 21 days is already timely under ORS 197.850(3), and the Court of Appeals could not diminish that statutory time period by rule. We conclude that the pertinent statutes authorized the Court of Appeals to promulgate ORAP 4.68(1).[3]

■ The second question is whether the statute that authorized the Court of Appeals to promulgate ORAP 4.68(1), or that rule itself, limits the availability of cross-petitions to those who have interests adverse to the interests of the petitioner whose timely filing instituted the proceedings on review.

Nothing in the relevant statute, ORS 197.850, suggests that additional petitions may be filed only by adverse parties. ORS 197.850(4) requires that copies of the petition be served on "all other parties of record in the [LUBA] proceeding." That subsection and ORS 197.850(6), when read together, gave the Court of Appeals the authority to promulgate a rule under which *any* party of record in the LUBA proceeding may file a cross-petition and brief, so long as proceedings for judicial review have been instituted by the timely filing of *a* petition by a proper party.

The rules themselves do not expressly require adverseness. If anything, they suggest that the cross-petitioner's interests need not be adverse. ORAP 4.68(2) provides that a cross-petitioner's brief may be combined with the *respondent's* brief, "if appropriate." That wording recognizes that a combined brief may not be appropriate; one reason could be that the cross-petitioner's interest is not adverse to the *petitioner's* interest, but is adverse to that of respondent. In

---

[3] We have examined the legislative history of ORS 197.850 but found nothing that bears on the questions before us.

addition, ORAP 4.15(2), a rule of general application,[4] states: "A subsequent petitioner shall be designated as cross-petitioner"; adverseness is not required.

Although ORAP 4.68(1) does not expressly allow the filing of a cross-petition by a non-adverse party, the rule does not prohibit such a filing, and the construction of the rule that defendants offer runs contrary to the hints that the authorizing statute, the rule itself, and other pertinent parts of the Oregon Rules of Appellate Procedure give.

■ OIA concededly filed a timely petition for judicial review of LUBA's order in this proceeding. Relators filed a cross-petition within the time allowed by ORAP 4.68(1). The Court of Appeals erred in dismissing that cross-petition. We, therefore, direct that a peremptory writ issue, requiring defendants to vacate the order dismissing relators' cross-petition for judicial review.

Peremptory writ to issue.

---

[4] ORAP 4.60 provides:

"Insofar as practicable, and except where some other procedure is provided by statute or these rules, the procedure for judicial review of final orders of the Land Use Board of Appeals shall be the same as for judicial review of administrative proceedings."

ORAP 4.62 provides in part:

"Insofar as practicable, the form, content and service of the petition [for judicial review] shall be as prescribed in Rule 4.15."