Submitted on record and briefs June 10, affirmed July 22, 1992

Don H. JOYCE,
*Petitioner,*

*v.*

MULTNOMAH COUNTY
and Arnold Rochlin,
*Respondents.*

(LUBA 91-220; CA A74663)

835 P2d 127

James F. Hutchinson, Portland, filed the brief for petitioner.

Laurence Kressel, County Counsel for Multnomah County, Oregon, and John L. DuBay, Chief Assistant County Counsel, Portland, filed the brief for respondent Multnomah County.

Arnold Rochlin, Portland, filed the brief *pro se.*

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

LUBA affirmed Multnomah County's denial of petitioner's application for a conditional use permit for a nonresource dwelling in a forestry zone. Among his contentions to LUBA was that the denial deprived him of any economically viable use of his land and, therefore, violated the taking provisions of the state and federal constitutions. Or Const, Art I, § 18; US Const, Amend V, XIV. LUBA concluded that that contention was not "ripe," because

> "petitioner has sought neither quasi-judicial plan and zone map amendments, variances nor conditional use approval for uses other than a nonresource dwelling. Rather, petitioner asks us to find that he is not required to seek relief through such processes, and to conclude a taking exists, because according to petitioner, the record establishes that there is no economically viable use for the subject parcel other than the proposed nonresource dwelling. However, the only evidence in the record cited in support of petitioner's contention consists of statements by petitioner and his attorney that the parcel is not suited for any use other than a nonresource dwelling. Such unsupported assertions are not a sufficient basis for excusing petitioner from the requirement that he seek approval for other permitted or conditional uses potentially allowed in the MUF-19 zone before pursuing a taking claim. Further, even if petitioner's contention that the subject parcel can only be used for a nonresource dwelling were correct, that would not excuse petitioner from the requirement of seeking a quasi-judicial plan and zone map amendment prior to pursuing a taking claim." (Footnotes omitted.)

■ Three of petitioner's six assignments to us take issue with LUBA's conclusion that it could not reach the merits of the taking claim. Petitioner agrees that, whether cast in terms of "ripeness" or "exhaustion of remedies," LUBA's conclusion is a correct statement of Oregon law. *See Suess Builders v. City of Beaverton*, 294 Or 254, 656 P2d 306 (1982); *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 581 P2d 50 (1978); *Dunn v. City of Redmond*, 86 Or App 267, 739 P2d 55 (1987). He contends, however, that the ripeness requirements that LUBA discussed go beyond what the federal courts allow as a basis for foreclosing the pursuit of taking claims under the Fifth Amendment.

In *MacDonald, Sommer & Frates v. Yolo County*, 477 US 340, 106 S Ct 2561, 91 L Ed 2d 285 (1986), the Court held that a taking claim by a property owner whose application for a subdivision had been denied was not ripe for decision. It first noted:

> "It follows from the nature of a regulatory takings claim that an essential prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." 477 US at 348.

After discussing earlier decisions, the Court concluded:

> "Likewise, in this case, the holdings of both courts below leave open the possibility that some development will be permitted, and thus again leave us in doubt regarding the antecedent question whether appellant's property has been taken." 477 US at 352-53. (Footnotes omitted.)

The Court therefore affirmed the decision of the California court that had dismissed the applicant's inverse condemnation complaint for failure to state a cause of action. The Court admonished, however:

> "A property owner is of course not required to resort to piecemeal litigation or otherwise unfair procedures in order to obtain this determination." 477 US at 350, n 7.

We need not consider here what limits that admonition places on ripeness or exhaustion requirements, because petitioner stands in precisely the same position as the applicant in *MacDonald, Sommer & Frates*: He has unsuccessfully filed one application for the approval of a particular use and has pursued no alternative approaches to achieve permission for that or any other use.[1]

Petitioner relies on *Tahoe-Sierra Preservation v. Tahoe Reg. Planning*, 938 F2d 153 (9th Cir 1991), *Tahoe-Sierra Preserv. v. Tahoe Reg. Planning Agency*, 911 F2d 1331 (9th Cir 1990), *cert den* ___ US ___ (1991) (Kozinski, J., dissenting), and *Del Monte Dunes v. City of Monterey*, 920 F2d

---

[1] The Court appears to have adhered to the *MacDonald* ripeness rationale in *Lucas v. South Carolina Coastal Council*, ___ US ___, 112 S Ct 2886, 120 L Ed 2d 798 (1992).

1496 (9th Cir 1990), for the proposition that federal law requires that the merits of his taking contention be reached. Those cases are distinguishable. Moreover, the Ninth Circuit's interpretations of federal law are not binding on us; those of the United States Supreme Court and, for that matter, those of the Oregon Supreme Court do bind us.

■ Petitioner also contends that it would be futile for him to seek a variance or a conditional use permit for other uses. He maintains that the grounds for the county's denial of his application for the dwelling are inconsistent with its approval of a variance under its ordinance standards and that the characteristics of the property, together with the grounds for LUBA's and the county's decisions, preclude the approval of any uses for which he might apply. The particulars of petitioner's arguments, however, come to little more than a weighing of the evidence that he anticipates would be produced against him in variance or permit proceedings that have not been held. *We* cannot say, on the basis of this record, that the county's or LUBA's decisions on *this* application or the applicable county legislation preordains the outcome of those other possible proceedings.

We agree with LUBA that neither the federal nor the state taking contentions are ripe for decision. That conclusion moots one of petitioner's remaining assignments. We reject the other two assignments without discussion.

Affirmed.