Argued and submitted August 12, affirmed on petition and on cross-petition
September 9, cross-petitioners' petition and petitioner's petition for reconsideration
denied November 12, both petitions for review allowed December 22, 1992
(315 Or 271)

Tom DODD
and Doris Dodd,
*Cross-Petitioners,*
*and*

OREGONIANS IN ACTION,
*Petitioner,*

*v.*

HOOD RIVER COUNTY,
*Respondent - Cross-Respondent,*
*and*

OREGON DEPARTMENT OF
FISH AND WILDLIFE,
Oregon Department of Land Conservation
and Development,
Oregon Department of Forestry
and 1000 Friends of Oregon,
*Respondents.*

(LUBA 91-116; CA A73984)

836 P2d 1373

David B. Smith, Tigard, argued the cause and filed the brief for petitioner.

Richard M. Stephens, Bellevue, Washington, argued the cause for cross-petitioners. With him on the brief was Pacific Legal Foundation, Bellevue, Washington.

Teunis Wyers, Hood River, filed the briefs for respondent - cross-respondent.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents Oregon Department of Fish and Wildlife, Oregon Department of Land Conservation and Development and Oregon Department of Forestry. With him on the briefs were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter Livingston, Portland, argued the cause and filed the briefs for respondent 1000 Friends of Oregon.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner Oregonians In Action and cross-petitioners Dodd[1] seek review of LUBA's decision affirming Hood River County's denial of cross-petitioners' application for a conditional use permit and related approvals to build a single family dwelling in a forestry zone. We affirm.

■ Petitioner and cross-petitioners assign error to LUBA's conclusion that the denial did not give rise to a taking under Article I, section 18, of the Oregon Constitution.[2] The county denied the application, because it concluded that the proposed dwelling did not satisfy the approval standard in its ordinance that dwellings in the zone be "necessary and accessory to a forest use."

■ The Supreme Court said in *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 609, 581 P2d 50 (1978):

"Where a zoning designation allows a landowner some substantial beneficial use of his property, the landowner is not deprived of his property nor is his property 'taken.' "[3]

*See also Suess Builders v. City of Beaverton*, 294 Or 254, 656 P2d 306 (1982). Faced with that Oregon constitutional test of "regulatory takings," petitioner and cross-petitioners offer a variety of less formidable alternatives to affixing that label to the county's decision. They argue, for example, that the denial of the desired use gave rise to a "conservation easement" for the public's or the county's benefit. *See* ORS 271.715 *et seq.* We reject those attempts to recharacterize the county's decision. The basis for the denial of the application was that the proposed dwelling did not meet the criteria for forest dwellings in the regulatory ordinance. Nothing was lost by cross-petitioners except the ability to build the dwelling, and nothing was obtained by anyone else. The only question

---

[1] Despite the seeming adversity that the designations imply, petitioner and cross-petitioners are on the same side. *See State ex rel Dodd v. Joseph*, 313 Or 333, 833 P2d 1273 (1992). They have appeared separately.

[2] No federal constitutional contention is asserted here. Some of the parties are also parties to a pending related federal court action.

[3] *Fifth Avenue Corp.* also states the applicable test as being whether the owner is deprived of all economically feasible use of the property. We do not understand that to differ in substance from the substantial beneficial use test.

that petitioner's and cross-petitioners' arguments can present is whether the denial amounted to a regulatory taking under the standard articulated in *Fifth Avenue Corp.*, and their attempts to change the question by defining the county's action as a public acquisition rather than a regulation of land use does not succeed.

■         Cross-petitioners argue that LUBA erred in concluding that the forest use that they may conduct on the property constitutes a "substantial beneficial use." They first contend that the evidence on which LUBA relied in reaching its apparent conclusion that the use had a potential value of $10,000 was not substantial. Even assuming that cross-petitioners' failure to request an evidentiary hearing before LUBA does not foreclose them from making that argument, *see* ORS 197.830(13)(b); OAR 661-10-045(1), it is wrong on its merits.

Cross-petitioners also contend that, even if the forest use on the property can generate $10,000, that is not of substantial benefit when weighed against the purchase price of more than $33,000 that they paid for the property. Cross-petitioners point to no authority that supports the proposition that such an equation can be independently conclusive in determining whether there has been a taking under Article I, section 18, or in determining whether there is a substantial beneficial use. *Suess Builders v. City of Beaverton, supra*, 294 Or at 259, n 5, indicates the contrary. We do not agree that $10,000 in potential value is not enough for a substantial beneficial use of the property to exist.

■         The petitioning parties next contend that the county's regulation does not advance a legitimate governmental interest because, *inter alia*, the fact that existing residences are allowed as non-conforming uses in the zone contradicts the premise that residential development is injurious to the resource use of the zone. Even assuming, again, that the question is relevant under Article I, section 18, the answer, again, is that the argument is incorrect. The law of non-conforming uses is well-established in Oregon, and it promotes the value of allowing owners to continue uses of property that were lawful when they were established but that later legislation would restrict or preclude. Petitioner's

and cross-petitioners' argument seems to posit that the government cannot have more than one legitimate interest that has some bearing on the same object. There is nothing inconsistent in the simultaneous protection of pre-existing property rights and of resources that are the subject of new regulation. We reject the assignments that challenge LUBA's rulings on the Article I, section 18, issues.

Cross-petitioners make a number of assignments, asserting that LUBA committed errors relating to other issues. Those assignments do not demonstrate error or warrant discussion.

Affirmed on petition and on cross-petition.