Argued and submitted August 26, affirmed October 14, reconsideration denied December 9, 1992, petition for review denied January 26, 1993 (315 Or 311)

# A. D. DORITY, III,
*Petitioner,*

*v.*

# CLACKAMAS COUNTY,
*Respondent.*

(LUBA 91-209; CA A75863)

838 P2d 1103

David B. Smith, Tigard, argued the cause and filed the brief for petitioner.

Michael E. Judd, Chief Assistant County Counsel, Oregon City, argued the cause for respondent. With him on the brief was Clackamas County Counsel, Oregon City.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's decision that affirmed Clackamas County's denial of his application to build a nonfarm dwelling in an exclusive farm use zone. We affirm.

In his first assignment, petitioner contends that the county's finding that his property was not generally unsuitable for agricultural production, under the county analog of ORS 215.283(3)(d), was not supported by substantial evidence. We review to determine whether LUBA correctly understood and applied the substantial evidence test, *Cusma v. City of Oregon City*, 92 Or App 1, 7, 757 P2d 433 (1988), and conclude that it did.

Petitioner's second assignment is that LUBA erred in concluding that his taking claim under Article I, section 18, of the Oregon Constitution is not ripe, because he has not sought a comprehensive plan amendment or a zone map amendment to permit the use. After his application was denied, petitioner filed a variance request with the county and was informed — correctly, according to the parties — that the county's variance procedure was not available under these circumstances. Petitioner relies on federal cases for the proposition that he was not required to seek the amendments, in addition to pursuing the initial application and the variance, in order to have the merits of his taking claim considered. Petitioner also seeks to distinguish *Joyce v. Multnomah County*, 114 Or App 244, 835 P2d 127 (1992), where we held that, under relevant *federal* law, the applicant's Fifth Amendment taking claim was not ripe, because he had done nothing beyond applying for a conditional use permit for a dwelling and "ha[d] pursued no alternative approaches to achieve permission for that or any other use." 114 Or App at 247. (Footnote omitted.) Here, petitioner argues, he also requested the variance and should not have been required to exhaust any other remedies.

The more salient distinction between *Joyce* and this case is that, in *Joyce*, the petitioner asserted taking claims under both the state and federal constitutions. In this proceeding, petitioner asserts only a state claim. We made it clear in *Joyce* that the exhaustion and ripeness standards applied

by LUBA were applicable to Article I, section 18, taking claims by virtue of controlling state Supreme Court decisions. 114 Or App at 246. Because no federal issue is presented here, this case provides no occasion to decide whether petitioner's argument might lead to a different result under the Fifth Amendment than the result in *Joyce*. LUBA correctly held that petitioner's state constitutional taking claim is not ripe.

We reject without discussion petitioner's arguments that pursuing the plan and map amendments would have been futile as a matter of law.

Affirmed.