Submitted on petitioners' petition for reconsideration filed August 12,
reconsideration allowed; opinion (114 Or App 95, 834 P2d 482) modified and adhered
to as modified November 12, 1992, reconsideration denied February 10, petition for
review pending 1993

McKAY CREEK VALLEY ASSOCIATION,
*Respondent,*

*v.*

WASHINGTON COUNTY,
*Respondent,*

*and*

Lane BLAKESLEE
and Mary Blakeslee,
*Petitioners.*

(LUBA 91-191; CA A74563)

841 P2d 651

David B. Smith, Tigard, for the petition.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

■ Petitioners seek Supreme Court review of our decision affirming LUBA's reversal of Washington County's approval of petitioners' application to build a farm dwelling. We treat the petition as one for reconsideration, ORAP 9.15, allow it and modify our opinion.

Among the arguments that petitioners make is that LUBA's decision gave rise to an uncompensated taking of their property on the theory that the "exaction imposed" did not bear a reasonable relationship to the "impacts" of the proposed development and was, therefore, unconstitutional under *Nollan v. California Coastal Comm'n*, 483 US 825, 107 S Ct 3141, 97 L Ed 2d 677 (1987), and *Dolan v. City of Tigard*, 113 Or App 162, 832 P2d 853 (1992). We assumed, *arguendo*, in our first opinion that the exactions versus impacts test of *Nollan* and *Dolan* applies to regulatory denials of proposed developments and proceeded to reject petitioners' argument on its merits. 114 Or App at 100. In their petition for review, petitioners argue, *inter alia*, that we misapplied the test.

■ ■ After we issued our opinion, we held in *Nelson v. Benton County*, 115 Or App 453, 839 P2d 233 (1992), that that test has no application in cases such as this, which involve only regulatory denials of proposed uses. Instead, in cases where proposed uses are disallowed, the relevant takings tests are those pertaining to "regulatory takings." We accordingly hold that the *Nollan* and *Dolan* tests are not germane here, and we do not reach the substance of petitioners' argument that we misapplied them. We modify our opinion to incorporate our reasoning in *Nelson v. Benton County, supra,* and adhere to it in all other respects. We also hold that no regulatory taking has been established.

Reconsideration allowed; opinion modified and adhered to as modified.