Argued and submitted January 20, affirmed March 17, 1993

Richard and Roberta MILLER,
*Petitioners,*

*v.*

COLUMBIA RIVER GORGE COMMISSION,
*Respondent,*

*and*

FRIENDS OF THE COLUMBIA GORGE,
*Intervenor.*

(C91-0166-W-G-12; CA A74128)

848 P2d 629

David B. Smith, Tigard, argued the cause and filed the briefs for petitioners.

Lawrence Watters, White Salmon, Washington, argued the cause for respondent. With him on the brief was Michael D. Reynolds, Assistant Solicitor General, Salem.

Gary K. Kahn, Portland, argued the cause for intervenor. With him on the brief was Reeves, Kahn & Eder, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioners seek review of the Columbia River Gorge Commission's denial of their application to divide a parcel of property and to construct a residence on the newly created portion. *See* 16 USC § 544 *et seq*; ORS ch 196. We affirm.

In their first assignment, petitioners challenge the Commission's decision on its merits. There was substantial evidence to support the Commission's decision and it properly applied the law. In their second assignment, petitioners contend that the denial amounted to the taking of a scenic easement in their property and, therefore, constituted a taking without just compensation in violation of Article I, section 18, of the Oregon Constitution and the Fifth and Fourteenth Amendments to the federal constitution. The thrust of petitioners' argument is that, because part of the basis for the denial of their application was the protection of scenic values and because, under some circumstances, the government has authority to acquire scenic easements in the Columbia River Gorge area, the denial of the application was the practical equivalent of the taking of an easement.

The Commission and the intervenor respond that the denial was an exercise of a legitimate police power regulatory authority under the applicable statutes and regulations, and that no taking resulted from it. They also argue that the taking claim was not preserved below and is not ripe. *See Joyce v. Multnomah County*, 114 Or App 244, 835 P2d 127 (1992), and authorities there cited. Petitioners answer the preservation and ripeness arguments by asserting that no consummated taking could have occurred until the Commission made its decision. We will reach the merits of petitioners' argument.

Petitioners' argument on the taking issue is similar to one we rejected in *Scott v. State Highway Commission*, 23 Or App 99, 541 P2d 516, *rev den* (1975). The property owner there contended that limitations that the Scenic Waterways Act, ORS 390.805 *et seq*, placed on the use of her land constituted the taking of a scenic easement. We noted that, although the Act contained some provisions that authorized the taking of scenic easements, and that the exercise of that

authority might result in a compensable taking, "the regulatory provisions of the Act are separate from the provisions giving the state the right to acquire land or interests" in land. 23 Or App at 105. Consequently, the existence and application of the regulatory provisions did not constitute the acquisition of an easement and, in the absence of a showing that the regulations themselves deprived the owner of all beneficial use of the property, her taking claim failed. *See also Dodd v. Hood River County*, 115 Or App 139, 836 P2d 1373, *rev allowed* 315 Or 271 (1992).

It is well established, under both federal and Oregon case authority construing the takings provisions of both constitutions, that the police power encompasses the authority to regulate land, *inter alia*, for aesthetic purposes and for purposes of channeling development to existing urban areas—the two purposes that predominated here. *See, e.g., Agins v. Tiburon*, 447 US 255, 100 S Ct 2138, 65 L Ed 2d 106 (1980); *Scott v. State Highway Commission, supra*, 23 Or App at 107-12, and authorities there cited; *see also Lucas v. So. Carolina Coastal Council*, ___ US ___, 112 S Ct 2886, 120 L Ed 2d 798 (1992). The application of such regulations does not give rise to a taking unless the owner is deprived of all economically viable or substantial beneficial use of the property. *Nelson v. Benton County*, 115 Or App 453, 839 P2d 233 (1992).[1]

Petitioners' property has not been impressed with an easement. All that occurred is that the Commission denied an application for a proposed use of the property. That regulation of the use of the land does not constitute the taking of an easement. Petitioners have not, under any facts to which they point, been deprived of all economically viable or substantial beneficial use of their property. There was no taking.

Affirmed.

---

[1] A taking may also occur if the regulations do not substantially advance a legitimate governmental interest. There is no reasonable dispute that the regulations here survive that test.