On petitioners' petition for reconsideration filed June 23, reconsideration allowed; decision (120 Or App 537, 852 P2d 975) adhered to August 18, reconsideration denied October 13, petition for review denied December 28, 1993 (318 Or 246)

Michael LARDY
and Dianna Lardy,
*Petitioners,*

*v.*

WASHINGTON COUNTY
and Oregon Department of Forestry,
*Respondents.*

(LUBA No. 92-170; CA A78969)

857 P2d 885

David B. Smith, Tigard, for petition.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek Supreme Court review of our decision affirming without opinion LUBA's affirmance of Washington County's denial of petitioners' application for approval of a forest management dwelling. We treat the petition as one for reconsideration, ORAP 9.15, and allow it to address a variation of an argument that has appeared with increasing frequency in cases involving taking claims before LUBA and this court.

The basis for the county's denial was that the proposed dwelling failed to satisfy approval standards in the county's development code. In affirming the county's decision, LUBA held, *inter alia*, that petitioners' regulatory taking claim was not ripe, because they had not sought approval of other uses of their property and, therefore, could not at this point demonstrate a deprivation of all economically viable or substantial beneficial use of the property.[1] However, petitioners contended to LUBA that their claim was not one for a "regulatory taking" or an assertion that the governmental action deprived them of all economically viable or beneficial use. Instead, they argued, their claim was that the county's action "result[ed] in such governmental intrusion as to inflict virtually irreversible damage." *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 614, 581 P2d 50 (1978). Petitioners maintained that the "beneficial use" and the "irreversible damage" formulations are optional bases for asserting a taking under *Fifth Avenue*, and that the ripeness requirement applies only to the first.

LUBA rejected that argument. It reasoned that, even assuming petitioners' premise that the ripeness requirement applies in one context but not the other, petitioners could not bring themselves within the "irreversible damage" context; under *Fifth Avenue*, "irreversible damage" can become a relevant inquiry only when the governmental action entails a

---

[1] In *Dodd v. Hood River County*, 317 Or 172, 181, 855 P2d 608 (1993), the Supreme Court reiterated that the principal test for a regulatory taking under Article I, section 18, is whether the property owner is left with "some substantial beneficial use" of the property. No federal constitutional issue was presented in *Dodd*. Our formulation of the test encompasses the standard as phrased in the Fifth Amendment case law, as well as the Oregon standard. *See Cope v. City of Cannon Beach*, 317 Or 339, 855 P2d 1083 (1993); *see also*, note 4, *infra*. We do not imply an answer to whether the two differ in substance.

contemplated eventual taking of private property for public use. LUBA concluded that the action here was not of that kind, but was a straightforward application of a regulation on the private use of the property, to which the only takings standards that *can* apply are the "beneficial use" test and other tests for regulatory takings. *See Nelson v. Benton County*, 115 Or App 453, 458, 839 P2d 233 (1992); *see also* note 1, *supra*, and note 4, *infra*. Therefore, even given petitioners' distinction, the ripeness requirement applies here.[2]

■    The petition for review presents a number of arguments, the principal one being that LUBA misconstrued *Fifth Avenue* as making the "irreversible damage" test applicable only in the context of decisions contemplating eventual takings for public use, while making that test inapplicable to taking claims arising from regulatory denials of land uses. We disagree with that argument. LUBA's understanding of *Fifth Avenue* is clearly correct. *See* 282 Or at 609-14.[3]

Implicit in petitioners' argument is the premise that a party asserting a taking claim may freely define the legal tests that apply to the claim simply by choosing how to frame its contentions. In this case, as in *Nelson v. Benton County, supra; Dodd v. Hood River County*, 115 Or App 139, 836 P2d 1373 (1992), *aff'd* 317 Or 172, 855 P2d 608 (1993); *McKay Creek Valley Assn. v. Washington County*, 116 Or App 299, 841 P2d 651 (1992); *Miller v. Columbia River Gorge Commission*, 118 Or App 553, 848 P2d 629 (1993); and *Larson v. Multnomah County*, 121 Or App 119, 854 P2d 476 (1993), all that occurred is that the proponents applied for uses that the governmental bodies denied or that LUBA or we held were not allowable under land use regulations that applied to the

---

[2] In *Cope v. City of Cannon Beach, supra* n 1, the court held that, at least for purposes of a Fifth Amendment regulatory taking claim, the same ripeness requirement does not obtain when the challenge to the regulation is a facial one. However, the ripeness requirement defined by LUBA is applicable in cases, such as this one, which present "as applied" regulatory taking claims. *See, e.g., Yee v. City of Escondido, Cal.*, 503 US ____, ____, 112 S Ct 1522, 118 L Ed 2d 153, 169 (1992); *MacDonald, Sommer & Frates v. Yolo County*, 477 US 340, 106 S Ct 2561, 91 L Ed 2d 285 (1986); *Cope v. City of Cannon Beach, supra*, 317 Or at 343 n 4; *Joyce v. Multnomah County*, 114 Or App 244, 835 P2d 127 (1992).

[3] In *Dodd v. Hood River County, supra* n 1, the Supreme Court also distinguished between the tests that *Fifth Avenue* makes applicable to purely regulatory actions and actions involving eventual takings for public use, albeit in a context that differs from the one we discuss. 317 Or at 181.

requested uses. Accordingly, their claims could only be for regulatory takings. However, in each instance, the applicants contended that the governmental actions involved something other than or beyond regulations of land use, or that substantive or ripeness tests other than those that federal and state law establish for regulatory takings were applicable. We rejected that attempt to recharacterize the issue in each of the cited cases, and we do so again.[4]

█     The parties to appeals have a great deal of latitude in selecting and developing their arguments. However, they are not at liberty to recharacterize the decisions and issues under review as being something they are not. Where the only basis for a taking claim is that a use has been applied for and denied under applicable regulations of private land use, it will seldom if ever be the case that a taking argument that relies on tests and standards other than those applicable to regulatory takings can succeed. Petitioners' argument does not.

Reconsideration allowed; decision adhered to.

---

[4] In their petition for review, petitioners also argue that the county's decision does not "substantially advance a legitimate state interest." Such an argument may be made in connection with a regulatory taking claim. *See Cope v. City of Cannon Beach, supra* n 1; *Miller v. Columbia River Gorge Commission, supra*, 118 Or App at 556 n 1. However, petitioners' argument turns on their underlying assertion that the denial of the dwelling amounted to the taking of a conservation easement. In *Dodd v. Hood River County, supra*, we rejected the identical assertion and noted that it constituted the same kind of impermissible recharacterization of the challenged decision and of the applicable law that infects petitioners' other argument here. In affirming our decision in *Dodd*, the Supreme Court specifically approved our rejection of the petitioners' effort to recharacterize the county's denial of a use as the taking of a conservation easement. 317 Or at 187.