Argued and submitted October 18, affirmed December 22, 1993

Richard J. MURRAY,
*Petitioner,*

*v.*

COLUMBIA RIVER GORGE COMMISSION
and Friends of the Columbia Gorge,
*Respondents.*

(C91-0213-W-G-12; CA A78603)

865 P2d 1319

G. Joseph Gorciak and Scheminske & Lyons filed the brief for petitioner.

Lawrence Watters argued the cause for respondent Columbia River Gorge Commission. With him on the brief was John T. Bagg, Assistant Attorney General.

Gary K. Kahn and Reeves, Kahn & Eder filed the brief for respondent Friends of the Columbia Gorge.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner Murray seeks review of the order of the Columbia River Gorge Commission (commission) denying his application to build a road on and to subdivide a 37-acre parcel in an agricultural area subject to the Columbia River Gorge National Scenic Area Act (act). 16 USC §§ 544 *et seq*; *see* ORS 196.115. We affirm.

■ Petitioner's first assignment includes numerous arguments, but all of them hinge on his assertion that the commission erred by treating his application as one for a subdivision, rather than simply an application to build a road. The application states, in part:

"Proposed Project Description: Build road under ORS 92.014 to subdivide 6-5 ac. parcels & 1-7 ac. parcel."

Petitioner maintains that the subdivision was only a possibility for the future and that it was not contemplated by this application. His explanation for the wording of the application is that the phrase "*to* subdivide" connotes a contingent future plan, unlike the phrase "*and* subdivide" that he would have used if a subdivision were involved in this application. The distinction is elusive. The commission was entitled to treat the application as seeking what it said it did.

■ In his second assignment, petitioner advances a number of arguments for holding that the commission's decision was erroneous, even assuming that what he applied for was to subdivide the property. The essence of the commission's reasons for denying the application was that petitioner's proposal to subdivide the property into seven parcels, most of which would have been five acres in size, would be a "precedent" for and have a cumulative effect of future parcelization in the area, leading to the diversion of land from agricultural to residential use as well as adversely affecting scenic resources. Those reasons are consistent with the act and the commission's implementing guidelines and other applicable authority.

Petitioner argues, however, that there was no substantial evidence to support the commission's findings. We disagree. The commission's findings have evidentiary support in the whole record. Insofar as petitioner's argument challenges the legal criteria that the commission applied to its

findings as well as their evidentiary support, we also reject that aspect of his argument.

Petitioner next contends that the commission's decision in this case is inconsistent with its actions on other applications. However, petitioner's effort to show an inconsistency succeeds only in demonstrating distinguishable factual circumstances.

■     Finally, petitioner maintains that the commission's decision constitutes an uncompensated taking of his property, in violation of Article I, section 18, and the Fifth Amendment. Nothing in the record suggests that petitioner has lost all economically viable or beneficial use of his property because of the denial of his application. His contention that the commission's action amounts to the taking of a scenic easement is answered adversely by *Miller v. Columbia River Gorge Commission*, 118 Or App 553, 848 P2d 629 (1993).

We reject petitioner's remaining assignment and arguments without discussion.

Affirmed.