Argued and submitted December 6, 1993, affirmed January 5, 1994

Nasario RODRIGUEZ
and Lucila Rodriguez,
*Respondents*,

*v.*

MARION COUNTY,
*Petitioner,*

*and*

Arthur SCHWAB,
*Intervenor-Respondent Below.*

(LUBA 93-077; CA A81638)

866 P2d 495

Robert C. Cannon, Marion County Legal Counsel, argued the cause and filed the brief for petitioner.

M. Chapin Milbank argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

In 1981, respondents' predecessors filed an application with Marion County which the county granted. Although the application was nominally only for a lot line adjustment to partition a parcel in an agricultural area, both the application and the county's written decision granting it speak in detail about a nonfarm dwelling that the applicants intended to build on the smaller of the two resulting properties.

In 1992, respondents began construction activities. The county ordered them to stop construction. Respondents asserted that the 1981 decision allowed them to build the nonfarm dwelling. County planning personnel were either unsure or disagreed. To resolve the matter, respondents filed a conditional use permit application. In response, the county made what amounted to a declaratory ruling that the 1981 decision allowed only the lot line adjustment, but did not include permission for the dwelling.[1]

Respondents appealed to LUBA. After a thorough analysis of the 1981 application and decision, LUBA concluded that the dwelling, as well as the lot line adjustment, was applied for and allowed. The county seeks our review and challenges LUBA's conclusions on that question and others.

We do not find the county's arguments persuasive. It is unnecessary for us to add our own detailed discussion to LUBA's thorough and ably reasoned opinion. We emphasize, however, that we do not imply — nor do we understand LUBA to have implied — that it will often be the case that the mention or discussion of one use in a land use decision granting an application for a different use will be regarded as a dispositive action on the first use. *Cf. Murray v. Columbia River Gorge Commission*, 125 Or App 444, 865 P2d 1319 (1993). Here, however, the dwelling was clearly identified in

---

[1] LUBA found, concerning the 1992 application:

"Apparently, the parties agreed that the best vehicle for determining the legal status of the parcel in this regard was for [respondents] to apply for [the permit]." (Footnote omitted.)

At all relevant times, the county and the other parties treated the 1992 application as presenting the issue of the effect of the 1981 decision, and the county made a land use decision regarding that issue in response to the application. LUBA treated the application as the parties did, and so will we. *See Terraces Condo. Assn. v. City of Portland*, 110 Or App 471, 823 P2d 1004 (1992).

the 1981 application as part of the intended development of the property and the language of the county's 1981 decision allows the dwelling as well as the lot line adjustment; indeed, the decision even imposes conditions of approval on the dwelling. Under these circumstances, the substance of the decision prevails over its caption, and we agree with LUBA that the dwelling was applied for and approved in 1981.

Affirmed.