NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THUNDERBIRD HOTELS, LLC, an
Oregon limited liability company,

Plaintiff - Appellant,

v.

CITY OF PORTLAND, a municipal
corporation; SAM ADAMS, in his official
capacity as Commissioner of the City of
Portland,

Defendants - Appellees.

No. 10-35025

D.C. No. 3:08-cv-01385-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 4, 2010
Portland, Oregon

Before:   W. FLETCHER and FISHER, Circuit Judges, and JONES, District
Judge.[**]

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

The district court dismissed Thunderbird Hotels' state and federal takings claims as not ripe. We affirm.

1. <u>State law takings claim</u>. Oregon law requires that there be "a final and authoritative determination of the type and intensity of development legally permitted on the subject property" before a takings claim is ripe for review. *Joyce v. Multnomah Cnty.*, 835 P.2d 127, 128 (Or. App. 1992) (quoting *MacDonald, Sommer & Frates v. Yolo Cnty.*, 447 U.S. 340, 348 (1986)). Thunderbird has not applied for permission to develop its Hayden Island parcel and has not identified any City of Portland regulation that currently restricts development. Because the scope of the alleged restriction on Thunderbird's development rights is not clear, Thunderbird's state-law takings claim is not ripe.

2. <u>Federal takings claim</u>. Thunderbird has not satisfied either of the ripeness requirements articulated in *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985). First, because Thunderbird has made no development application, the scope of any restriction the City may have placed on Thunderbird's property is unclear. There has thus been no "final decision regarding the application of the regulations to the property at issue." *Williamson*, 473 U.S. at 186. Second, Thunderbird has not given the state "the opportunity to deny with finality just compensation for [the] alleged taking" in a state judicial or

2

administrative proceeding before bringing a federal takings claim. *West Linn Corp. Park L.L.C. v. City of West Linn*, 534 F.3d 1091, 1093 (9th Cir. 2008). Thunderbird's appeal of the City's temporary development moratorium to the Oregon Land Use Board of Appeals did not present such an opportunity because Thunderbird did not raise its constitutional claim in that proceeding. The district court's dismissal of Thunderbird's state-law takings claim did not satisfy the second *Williamson* requirement either, because the dismissal was without prejudice and did not reach the merits. Thunderbird's federal takings claim is therefore not ripe for review.

**AFFIRMED.**